UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MARIA GONZALEZ, et al,
  Plaintiffs,

v.                                                  Civil No. 98-1658 (HL)

PEDRO TOLEDO, et al,
  Defendants.

## SCHEDULING ORDER

1. The jury trial in this case is scheduled on **November 27, 2000, at 9:00 a.m.**

2. A pretrial and settlement conference before the undersigned shall be held on **October 19, 2000, at 2:00 p.m.**

3. Unless otherwise directed by the Court, discovery is limited to no more than 25 interrogatories per party (subparts not permitted); 25 requests for admission per party; 2 sets of request for production per party; and 5 depositions per party.

4. Discovery is to be concluded by **April 14, 2000.** Pursuant to Fed. R. Civ.P. 30(b)(1)-(2), as amended on December 1, 1993, if the parties choose to take depositions by non-stenographic means, the depositions must adhere to the following conditions:

    a. The depositions are to be tape recorded utilizing quality tape and equipment.

    b. Unless otherwise agreed by parties, depositions shall be taken before a notary public pursuant to Fed. R. Civ. P. 30(b)(4).



2

    c.    Counsel shall agree upon and designate a person, other than themselves, to operate the recording equipment. Said person shall take an oath certifying that the record and all tape recorded proceedings are accurate and complete.

    d.    Counsel shall identify themselves on the record whenever necessary for clarity.

    e.    Any dispute concerning the contents of the tape shall be first resolved by the parties. If resolution is impossible, said dispute shall be submitted to the Court at least 60 days prior to trial. Failure to comply with this procedure shall result in the disputed matters being precluded from trial.

    f.    Thirty days prior to trial, the parties shall prepare a transcript of the portions of the taped deposition intended to be used at trial. If there are any arguments between counsel, the transcript shall be edited to exclude counsels' arguments.

    g.    The party presenting the tape recorded deposition or portion thereof at trial shall bear the cost for said transcript and translation.

The parties are hereby put on notice that failure to comply with the procedures set out in this order shall result in preclusion of the requested deposition testimony at trial.

5. No additional claims or parties shall be added after **December 20, 1999.**

6. Claims against all "John Doe" defendants or any other improperly identified defendants will be dismissed *sua sponte* by the Court after **December 20, 1999.**

7. Dispositive motions are to be filed not later than **May 1, 2000.** Thereafter no dispositive motions will be considered by the Court.

3

8. **Plaintiffs** shall designate experts and provide Rule 26(a)(2)(B) information by **January 10, 2000.**

9. **Defendants** shall designate experts and provide Rule 26(a)(2)(B) information by **February 10, 2000.**

10. On _October 19, 2000_, at _2:30 PM_, counsel are to meet with the Courtroom Deputy Clerk, to have the exhibits officially marked or identified, as the case may be.

11. To facilitate and expedite the meeting with the Courtroom Deputy Clerk, prior to said date counsel for the parties are instructed and directed to meet and agree upon and tentatively mark the documents to be received in evidence as exhibits for each party. Each exhibit for identification or for admission should be marked by consecutive numbers for the plaintiff and consecutive letters for defendants, with the <u>specific name</u> of the party offering the document. Joint exhibits shall bear roman numbers. Failure to comply with this order shall result in the imposition of sanctions and the exclusion from evidence of the proposed exhibit or identification.

    a. If there is no objection by opposing counsel, the document will be marked exhibit as admitted into evidence in the manner set forth hereinabove.

    b. If there is an objection to the document, the party making the objection shall set forth the reasons for the objection, together with a short, concise, <u>one-sentence statement</u>, with the citation of the applicable rule of evidence and the citation of case law or other authority in support thereof.

4

12. Proposed voir dire and instructions to be given to the jury are to be filed five days prior to trial. The instructions are to be listed by number and on separate sheets of paper, one instruction to each sheet.

## PROCEDURES TO BE APPLICABLE AT JURY TRIAL

1. Counsel for each party shall prepare a comprehensive witness list indicating the name and address of each witness which counsel proposes to call at trial, indicating therein whether the witness is an occurrence witness or an expert witness, and stating concisely the general subject matter of the witness' testimony **and** the estimated time required for the testimony in direct examination.

2. All counsel shall make arrangements to schedule the attendance of witnesses at trial so that the case can proceed with all due expedition and without unnecessary delay.

The Court advises counsel that failure to comply with the provisions of this Order shall result in the exclusion from evidence of the proposed exhibit or testimony of witnesses, and/or the imposition of other appropriate sanctions under F.R.Civ.P. 16(f).

## CONDUCT AT TRIAL

To enhance the dignity and decorum of the Court and to avoid unnecessary delay and, further, to insure fairness in the administration of the proceedings, the following rules of courtroom protocol shall be observed:

1. In the opening statement to the jury, counsel is to refrain from arguing the case and discussing the law.

5

2. Counsel shall confine to a concise summary of the important facts and/or the witnesses through which he/she intends to present the facts.

3. Unless the case is unusually complex, parties will be limited to <u>fifteen minutes</u> in their opening statements.

4. Attorneys shall stand when addressing the Court, including when making objections and questioning witnesses. Counsel with physical disabilities may, of course, be excused from this requirement.

5. When interrogating witnesses, counsel shall do so from the lectern provided for this purpose and avoid wandering about in the well. Counsel is not to approach a witness for any reason without leave of Court.

6. When examining a witness about a group of documents, counsel shall avoid delay by having all documents readily available for such examination.

7. Before showing a document or other material to a witness which has not been received in evidence, it should be first offered to opposing counsel.

8. If counsel wishes the Court to examine any exhibit, it should be handed to the Deputy Clerk for transmittal to the Court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 30, 1999.

HECTOR M. LAFFITTE
Chief U.S. District Judge

CIVIL CASE NO. 98-1658(HL)                    DATE: October 7, 1999

TO ALL COUNSEL OF RECORD:

The meeting to mark the exhibits will be held with the undersigned on **October 19, 2000 at 2:30 P.M.**

Attached hereto you will find the exhibit list forms. When we meet to mark the exhibits please bring it **typed and ready**. Each party is to prepare its own list. All exhibits and identifications are to be pre-marked in the manner you agreed upon at the meeting you held before meeting with me. If there are any joint exhibits, a list for them is also to be prepared.

In filling out the forms, the date offered is the date on which you will bring them to me. In the "marked" box you are to indicate "E" for exhibit or "Id" for identification. In the "admitted" box please fill in the same date as offered for the exhibits and leave it blank for the identifications. Once the Court rules on the identifications, I will indicate in the box the appropriate date, if the identification becomes an exhibit. Provide a short description of the exhibit. You do not have to identify the witness that you will use to present it.

If you have any questions as how to fill in the forms, please call me or have your paralegal call me at: **772-3058**.

Your cooperation will be greatly appreciated.

                                               Minerva Figueroa
                                               COURTROOM DEPUTY CLERK

**REMINDER:   Plaintiffs will use- Numbers**
            **Defendants will use- Letter**
            **Joint will use- Roman Numbers**

# UNITED STATES DISTRICT COURT

__FOR THE JUDICIAL__  DISTRICT OF __PUERTO RICO__

EXHIBIT LIST

_____

V.

_____   CASE NUMBER:   (HL)

| PRESIDING JUDGE<br>HECTOR M. LAFFITTE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| TRIAL DATE(S) | COURT REPORTER<br>BARBARA DACHMAN | COURTROOM DEPUTY<br>MINERVA FIGUEROA |

| PLF NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* |
|---|---|---|---|---|---|
| | | | | | |

Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page __1__ of _____

| | | | EXHIBIT LIST - CONTINUATION | | |
|---|---|---|---|---|---|
| | | | VS. | | DOCKET NO. |
| PLF. NO. | DEF. NO. | DATE OFFERED | Marked   Admitted | DESCRIPTION OF EXHIBITS* | |
| | | | | | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page __2__ of __