# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

MARIA GONZALEZ, et al,
　Plaintiffs,

v.

PEDRO TOLEDO, et al,
　Defendants.

Civil No. 98-1658 (HL)

## OPINION AND ORDER

Before the Court is an unopposed Rule 12(b)(6) motion to dismiss for failure to
state a claim filed by Defendants Pedro Toledo Dávila ("Toledo"), Aníbal Torres Rivera
("Torres"), and David Rivera Collazo ("Rivera") in this action for damages pursuant to
section 1983.[1]  Toledo is the superintendent of the Puerto Rico Police Department, Torres
is the director of the Special Investigations Bureau of the Puerto Rico Department of
Justice, and Rivera is a police officer based in a precinct in Hato Rey, Puerto Rico.
Plaintiffs are María González, her husband Eduardo Joglar, and their conjugal partnership.
They also bring claims against a number of other Puerto Rico police officers, local
prosecutors, and certain non-state actors.  Plaintiffs claim violations of their rights under
the Fourth and Fourteenth Amendments, as well as violations of their rights under local
law.[2]

---

[1] 42 U.S.C.A. § 1983 (West Supp. 1999).

[2] Although Plaintiffs do not mention the Fourteenth Amendment in their amended
(continued...)



AO 72A
(Rev.8/82)

Civil No. 98-1658 (HL)                    2

This case has its origins in an incident that arose between Plaintiffs and Denny Arroyo Rivera ("Arroyo"), who is also a defendant in this case. Plaintiffs' amended complaint makes the following allegations, which the Court assumes to be true for the purposes of this motion. In April or May 1997, Plaintiffs visited a bar known as Gabinis in Hato Rey, Puerto Rico. Arroyo, a Puerto Rico police officer, was working as a security guard at the bar. While at the bar, an unspecified dispute involving Plaintiffs arose. As Plaintiffs were leaving, Arroyo made hostile and threatening remarks to them and stated that he did not want to see them there again. About a month later, Plaintiffs were visiting a restaurant which is located next door to Gabinis. At the restaurant Plaintiffs helped to escort out a customer who had been causing a disturbance. At that same moment, Arroyo was in front of Gabinis. While Joglar was taking care of the unruly customer, Arroyo grabbed González, shook her, and began to curse and insult her. When Joglar came to her defense, Arroyo threatened him as well.

Following this second altercation with Arroyo, Plaintiffs sought to have criminal charges brought against him. They claim that as a result of their pursuit of the criminal case against Arroyo, the following has happened: Arroyo threatened all witnesses to the event to prevent them from testifying against him; other police officers, who are John Doe defendants, tried to persuade Plaintiffs to drop the case and tried to intimidate them from

---

[2](...continued)
complaint, they do claim violations of their liberty and due process rights. *See* docket no. 5, ¶ 53.

Civil No. 98-1658 (HL)                     3

pursuing the matter;  Arroyo's defense attorneys met with Plaintiffs without revealing that

they represented Arroyo;  these attorneys also gave Plaintiffs erroneous information

regarding Arroyo's employment status at Gabinis and the dates of hearings on the criminal

case;  the defense attorneys and Arroyo brought criminal charges against González for her

involvement in the altercation; and a hearing on the matter was rescheduled and reassigned

to another courtroom in a manner which corroborated Plaintiffs' belief that there is a

conspiracy to obstruct justice in the criminal case.

Plaintiffs make the following allegations as to Toledo, Torres, and Rivera.  With

regard to Toledo's involvement, they claim that Arroyo had a record in the police

department of being dangerous and violent;  that Toledo knew of this history and knew that

there was a problem with "abuse of police power" in the department;  but that he failed to

implement policies to  correct this situation.[3]  With regard to Torres, Plaintiffs claim that

they were dissatisfied with the manner in which the prosecutors were handling the criminal

case against Arroyo;  that they suspected that there was a conspiracy to deprive them of

their rights;  that they filed a complaint with the Special Investigations Bureau;  that Torres

lead them to believe that their accusations would be thoroughly investigated;  but that he in

fact did not properly investigate their claims;  and that this constituted a dereliction of his

---

[3] Docket no. 5, ¶¶ 52, 55, and 56.

Civil No. 98-1658 (HL)                    4

duty.[4]  Finally, as to Rivera, Plaintiffs claim that Rivera called González at home to try to

dissuade her from bringing the case against Arroyo;  that at a hearing in the criminal case

Rivera asked Arroyo's attorney to prevent Arroyo from leaving so that Rivera could bring

charges against him for threatening a witness;  and that when a prosecutor summoned

Rivera to come to court with the case file, he indicated to the prosecutor that he had lost

the documents from the case.[5]

In their motion to dismiss, Toledo, Torres and Rivera argue that they are protected

by the Eleventh Amendment, that they are entitled to qualified immunity, and that Toledo

had no personal involvement in the case and thus is not subject to supervisory liability.

As stated above, the motion to dismiss is unopposed.  For the reasons set forth below, the

Court grants the motion as to Torres and Rivera, but denies it as to Toledo.

## DISCUSSION

*1.     Claims against Rivera and Torres*

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled

factual averments as true and must draw all reasonable inferences in the plaintiff's favor.

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S.

163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993);  *Carparts Distribution Ctr., Inc.*

*v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir. 1994).  A court should not

---

[4] Docket no. 5, ¶ 50.

[5] Docket no. 5, ¶¶ 37, 39, and 43.

Civil No. 98-1658 (HL)                    5

dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir. 1991). This deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).[6]

Plaintiffs complain about the manner in which Rivera handled the investigation and prosecution of the criminal case against Arroyo. They also claim that the allegedly improper investigation and prosecution of Arroyo was part of a conspiracy to deprive them

---

[6] In the past, the First Circuit had required that section 1983 claims meet a heightened level of specificity to survive a Rule 12(b)(6) motion. *See, e.g., The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989). The Supreme Court in *Leatherman*, however, rejected a heightened pleading standard for section 1983 claims, at least for claims against municipalities. *See* 507 U.S. at 167-69, 113 S.Ct. at 1163. In the wake of *Leatherman*, it was unclear whether the stricter standard of *Dartmouth Review* was still applicable to any section 1983 claims.

The First Circuit recently clarified that the heightened pleading standard of *Dartmouth Review* is still viable, at least in section 1983 cases where an improper motive by the state actor was an essential element of the plaintiff's claim. *See Judge v. City of Lowell*, 160 F.3d 67, 74-75 (1st Cir. 1998). Such cases would include claims of race and gender discrimination under the Equal Protection Clause; cruel and unusual punishment under the Eighth Amendment; adverse employment actions based on political affiliation under the First Amendment; and retaliation for exercising free speech or some other constitutional right. *See Crawford-El v. Britton*, 523 U.S. 574, __, 118 S.Ct. 1584, 1590, 140 L.Ed.2d 759 (1998).

In the present case, none of Plaintiffs' claims against Torres or Rivera are of the kind where a state actor's improper motive is an essential element. Therefore, the Court will not apply the heightened pleading standard in ruling on their motion to dismiss.

Civil No. 98-1658 (HL)                    6

of their rights; that they filed a complaint with Torres asking him to investigate this alleged

conspiracy; but that he failed to do so.  The problem with these allegations is that, even if

they are true, they do not involve Plaintiffs' constitutional rights.  An individual does not

have a constitutional right to have a crime against him investigated and prosecuted as that

individual sees fit, unless there is also a constitutional right involved.  *See Andrews v.*

*Fowler*, 98 F.3d 1069, 1078-79 (8th Cir. 1996);  *Gomez v. Whitney*, 757 F.2d 1005, 1006

(9th Cir. 1985).  Here, there is none.  The original harm to Plaintiffs–the altercation with

Arroyo at Gabinis–had already occurred.  Plaintiffs' complaint regarding Rivera and

Torres is basically that these two defendants failed to do their jobs and ensure that Arroyo

was properly punished for his transgression.  Their alleged failure to do so may be a

dereliction of duty, but it does not give rise to a constitutional violation.  Therefore, the

claims against these two defendants must be dismissed.


    2.    *Claims against Toledo*

    Plaintiffs' claims against Toledo present a closer question.  Their allegations against

him are based on a theory of supervisory liability, including a failure to adequately train,

supervise, and discipline lower level members of the police force.  In a claim brought

pursuant to section 1983, the defendant's conduct must have deprived plaintiff of his rights

under the Constitution or laws of the United States. *Martínez v. Colón*, 54 F.3d 980, 984

(1st Cir. 1995);  *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir. 1985).  There must have

Civil No. 98-1658 (HL)                    7

been a deprivation of a federally protected right and the defendant's conduct must have

caused the deprivation. *Gutiérrez-Rodríguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir.

1989); *Voutour*, 761 F.2d at 819; *Soto v. Carrasquillo*, 878 F.Supp. 324, 327 (D.P.R.

1995), *aff'd sub nom. Soto v. Flores*, 103 F.3d 1056 (1st Cir. 1997). Under section 1983, a

supervisor may not be liable based upon a theory of *respondeat superior. Monell v. Dep't

of Social Services of New York*, 436 U.S. 658, 694 n.58, 98 S.Ct. 2018, 2037 n.58, 56

L.Ed.2d 611 (1978); *Gutiérrez-Rodríguez*, 882 F.2d at 562. For a supervisor to be liable a

plaintiff must show that (i) the supervisor's acts or omissions have deprived the plaintiffs

of their protected rights; (ii) the supervisor's action or inaction amounted to callous

indifference or gross negligence with regard to the constitutional rights of others; and (iii)

the supervisor's action or inaction must be affirmatively linked to the street-level

misconduct. *Gutiérrez-Rodríguez*, 882 F.2d at 562; *Román Figueroa v. Torres Molina*,

754 F.Supp. 239, 241-42 (D.P.R. 1990). A predicate act to supervisory liability is that the

subordinate must have committed a constitutional violation. *Seekamp v. Michaud*, 109

F.3d 802, 808 (1st Cir. 1997); *Lipsett v. Univ. of Puerto Rico*, 864 F.2d 881, 902 (1st Cir.

1988).

In the present case, Plaintiffs' amended complaint contains a litany of egregious

behavior. It is far from clear however, that these allegations give rise to a constitutional

violation. For example, Plaintiffs allege that the owner of Gabinis and the criminal

defense lawyers who represented Arroyo violated their constitutional rights. These parties

Civil No. 98-1658 (HL)                    8

are not Toledo's subordinates and are not state actors. *See generally Blum v. Yaretsky*, 457

U.S. 991, 1004-06, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982); *Camilo-Robles v.*

*Hoyos*, 151 F.3d 1, 10 (1st Cir. 1998); *Roche v. John Hancock Mut. Life Ins.*, 81 F.3d 249,

253-54 (1st Cir. 1996). Plaintiffs also claim that Arroyo abducted and beat one of their

witnesses and threatened others. Plaintiffs, however, do not have standing to bring claims

for these actions. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61, 112

S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *Berner v. Delahanty*, 129 F.3d 20, 23-24 (1st

Cir. 1997). As discussed above, their claims of improper investigation by members of the

police department cannot give rise to a constitutional violation. *See Andrews*, 98 F.3d at

1078-79; *Gomez*, 757 F.2d at 1006. And their conclusory allegations of a conspiracy lack

the requisite specificity. *See generally Malachowski v. City of Keene*, 787 F.2d 704, 712

(1st Cir. 1986); *Slotnick v. Garfinkle*, 632 F.2d 163, 165-66 (1st Cir. 1980). None of these

allegations, then, are sufficient to support a claim of supervisory liability.

Once their amended complaint is passed through these legal filters, the options on

which Plaintiffs may base a claim of supervisory liability become drastically limited. The

Court finds that two possible grounds remain open to them. One is their allegation that

police officers once responded to a call by González with an intimidating show of force

and that unidentified police officers called González to harass and threaten her in order to

Civil No. 98-1658 (HL)                    9

get her to stop pursuing her charges against Arroyo.[7] This conduct could conceivably give rise to a cause of action for retaliation. *See Rakovich v. Wade*, 850 F.2d 1180, 1189 (7th Cir. 1988); *Ferranti v. Moran*, 618 F.2d 888, 892 n.4 (1st Cir. 1980); *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979). As discussed in footnote 6 above, however, such a claim would require a heightened level of specificity. *See Crawford-El*, 523 U.S. at __, 118 S.Ct. at 1590; *Judge*, 160 F.3d at 74-75. Plaintiffs have not come close to meeting this standard.

        The only other basis for the claim of supervisory liability to proceed is if Arroyo was acting under color of state law at the time of his altercation with Plaintiffs. This is unclear from the pleadings; it appears that Arroyo was off-duty and working as a security guard at Gabinis bar. The question of whether and when a police officer's misconduct constitutes state action for purposes of section 1983 is a fact-intensive one that must be examined on a case-by-case basis. It is also one that has been the subject of much discussion by the First Circuit recently. *See, e.g., Zambrana-Marrero v. Suarez-Cruz*, 172 F.3d 122, 125-29 (1st Cir. 1999); *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45-48 (1st Cir. 1999); *Parrilla-Burgos v. Hernandez-Rivera*, 108 F.3d 445, 448-51 (1st Cir. 1997); *Martinez*, 54 F.3d at 986-89. It is a topic, however, not addressed by Defendants in their motion to dismiss. The Court will thus assume that Plaintiffs sufficiently alleged that Arroyo was in fact acting under color of state law.

------

    [7] Docket no. 5, ¶¶ 37 & 47.

Civil No. 98-1658 (HL)                 10

Their claim against Toledo must then be allowed to proceed.  A supervisor displays reckless or callous indifference "when it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights."  *Germany v. Vance*, 868 F.2d 9, 18 (1st Cir. 1989).  A supervisor's failure to identify and take remedial action concerning an officer with disciplinary problems can create supervisory liability pursuant to section 1983.  *See Gutiérrez-Rodríguez*, 882 F.2d at 562-66;  *Martínez Correa v. López Feliciano*, 759 F.Supp. 947, 955-57 (D.P.R. 1991).  A key factor in determining whether a supervisor is liable is what knowledge that the supervisor had regarding the subordinate's behavior.  *Febus-Rodríguez v. Betancourt-Lebron*, 14 F.3d 87, 93 (1st Cir. 1994).  Moreover, a supervisor without actual knowledge may be liable if he would have known of injurious conduct but for his "willful blindness" or deliberate indifference.  *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 582 (1st Cir. 1994).

In the present case, Plaintiffs allege that Arroyo had a record in the police department of being dangerous and violent;  that Toledo knew that there was a problem with "abuse of police power" in the department;  but that he failed to implement policies to correct this situation.  The Court must take these allegations to be true.  It may be that further discovery and development of the record shows that Arroyo was not acting under color of state law.  For purposes of the present 12(b)(6) motion, however, Plaintiffs' allegations are sufficient to allow the claim against Toledo to proceed.

AO 72A
(Rev.8/82)

Civil No. 98-1658 (HL)                    11

     *3.    Eleventh Amendment and qualified immunity defenses*

     Toledo argues that he is entitled to qualified immunity. Qualified immunity protects a government official performing discretionary tasks from civil liability when his conduct does not violate clearly established rights of which a reasonable person would have known. *Febus-Rodriguez*, 14 F.3d at 91; The determination of whether an official is entitled to qualified immunity is time-critical. *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 704 (1st Cir. 1993). At the time of the incidents which give rise to the present cause of action, a reasonable person would have known that a police superintendent could be subject to supervisory liability for a failure to properly supervise, discipline, and train a police officer with a history of disciplinary problems. *See e.g. Febus-Rodriguez*, 14 F.3d at 93; *Gutierrez-Rodriguez*, 882 F.2d at 564-66; *Martinez Correa*, 759 F.Supp. at 955. Accordingly, the Court denies Toledo's claim that he is protected by qualified immunity.

     Toledo also claims that he is protected by Eleventh Amendment immunity. Plaintiffs bring their claim against him in both his individual and official capacities. The claim against him in his official capacity is hereby dismissed. The claim against him in his individual capacity remains. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24, 117 S.Ct. 1055, 1070 n.24, 137 L.Ed.2d 170 (1997).

     WHEREFORE, the Court hereby grants in part and denies in part the motion to dismiss (docket no. 24). The claims against Aníbal Torres Rivera, and David Rivera Collazo are hereby dismissed. The claims against Pedro Toledo Dávila in his official

Civil No. 98-1658 (HL)                    12

capacity are also dismissed.  The claims against Pedro Toledo Dávila in his personal

capacity shall remain.  Partial judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 30, 1999.

HECTOR M. LAFFITTE
Chief U.S. District Judge